## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Brad Tooker, individually                                  Case No.
and on behalf of all others similarly
situated,

                                           **COLLECTIVE ACTION COMPLAINT**

        Plaintiff,

v.

BluJay Solutions Inc.,

        Defendant.

_____

## PRELIMINARY STATEMENT

1.      This is a collective action brought by individual and representative Plaintiff Brad Tooker ("Plaintiff"), on behalf of himself and all others similarly situated (the "FLSA Collective"), to recover overtime pay from his former employer, BluJay Solutions Inc. ("BluJay" or "Defendant").

2.      Plaintiff brings this action on behalf of himself and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

3.      Plaintiff's claim is asserted as a collective action under the FLSA, 29 U.S.C. § 216(b).

4.      The putative FLSA Collective is made up of all persons who are or have been employed by Defendant as Logistics Coordinators or in other job titles performing similar duties anywhere in the United States during the applicable statutory period.

5.      Plaintiff and those similarly situated routinely worked more than forty (40) hours in a workweek but were not paid an overtime premium for their overtime hours.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 *et seq*.

7.      Venue is proper in the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

8.      Plaintiff Tooker is an adult resident of Grand Rapids, Michigan.

9.      Plaintiff Tooker worked for Defendant as a Logistics Coordinator in its Holland, Michigan office from approximately July 2018 to February 2021.  Plaintiff was Defendant's employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

10.      Defendant is a Delaware corporation that does business in Michigan.  Its principal office is located at 915 E. 32nd Street, Suite B, Holland, MI, 49423.

11.      Defendant is a cloud-based logistics software company that provides supply chain software and services to retailers, distributors, freight forwarders, manufacturers, and logistics service providers.

12.      Defendant's primary product is its Transportation Management System ("TMS"). Defendant also provides logistics as a service and has a team of people dedicated to being on the Logistics as a Service ("LaaS") team.

13.      Defendant was or is Plaintiff's and the similarly situated Logistics Coordinators' "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14.    At all times material, Plaintiff and other Logistics Coordinators were engaged in commerce or in the production of goods for commerce as defined by Section 207(a)(1) of the FLSA.

15.    Defendant operates in interstate commerce by, among other things, offering and selling its software and services to customers in multiple states across the country.

16.    At all times material, Defendant qualifies as an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, and had annual gross volume of sales which exceeded $500,000.00.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

17.    Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

18.    At all times relevant herein, Defendant operated a willful scheme to deprive Plaintiff and others similarly situated of overtime compensation.

19.    Plaintiff and the similarly situated individuals work or worked as Logistics Coordinators or in other job titles performing similar duties.

20.    As Logistics Coordinators, Plaintiff and the putative collective members worked in Defendant's LaaS department.

21.    A Logistics Coordinator's primary job duty consists of providing logistics services to Defendant's customers through its platform throughout the stages of Defendant's customers' supply chain.

22.    Among other non-exempt tasks, Plaintiff and the putative collective members spent their workday tracking and assigning loads using Defendant's proprietary software system, communicating with Defendant's customers and carriers about the status of shipments,

3

entering/creating orders (route tenders), processing invoices and charge requests, and providing general customer service related to inquiries involving shipment delays, service failures, and/or customer complaints.

23.    Plaintiff and the similarly situated individuals are or were paid a salary with no overtime pay.

24.    Plaintiff and the other similarly situated Logistics Coordinators are or were treated as exempt from federal overtime laws.

25.    Defendant suffered and permitted Plaintiff and the other similarly situated individuals to work more than forty (40) hours per week without overtime pay.

26.    For example, during the normal workweek ending December 18, 2020, Plaintiff estimates that he worked approximately fifty (50) hours and did not receive overtime pay for his overtime hours.

27.    Defendant required Plaintiff and the other Logistics Coordinators to work mandatory on-call shifts about four weeks per year (based on a rotating schedule amongst the other Logistics Coordinators on his team).

28.    In weeks in which Plaintiff was scheduled to work on call, he was on call for 24 hours per day and was required to respond to calls and emails within fifteen (15) minutes of receiving them.  The time Plaintiff spent responding to calls while on call resulted in additional unpaid overtime hours.

29.    Defendant has been aware, or should have been aware, that Plaintiff and the other similarly situated individuals performed non-exempt work that required payment of overtime compensation.  Defendant assigned Plaintiff and others similarly situated a heavy workload and

required them and the similarly situated individuals to work long hours, including overtime hours, to complete all of their job responsibilities.

30.      Defendant was also aware that Plaintiff and those similarly situated worked unpaid overtime because Defendant required Plaintiff and the other Logistics Coordinators to cover all shipments that came in from the client, including those that were assigned late in the day.  As a result, Plaintiff and the other Logistics Coordinators often remained in the office and/or logged-in (when working remotely) until those shipments were covered.

31.      Defendant knew that Plaintiff and the other similarly situated individuals worked unpaid overtime hours because Defendant's Transportation Management System (TMS) captured timestamps of any action recorded, including when shipment updates were entered and/or tendered to carriers.  Upon information and belief, these records, along with Defendant's email and phone records, will reflect that Plaintiff and other Logistics Coordinators worked and communicated with supervisors after hours, resulting in unpaid overtime.

32.      Although Defendant had a legal obligation to do so, Defendant did not make, keep, or preserve adequate or accurate records of all of the hours Plaintiff and the other similarly situated individuals worked.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

33.      Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

34.      Plaintiff files this action on behalf of himself and all other similarly situated individuals.  The putative FLSA Collective is defined as follows:

> All persons who worked for Defendant as Logistics Coordinators or other job titles performing similar duties anywhere in the United States at any time since three years prior to the filing of this Complaint through the present.

35.    Plaintiff has consented in writing, Exhibit A, to be a part of this action pursuant to 29 U.S.C. § 216(b).  As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

36.    Plaintiff and the other similarly situated individuals routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

37.    Defendant willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, requiring Plaintiff and the other similarly situated individuals to work excessive hours and failing to pay them overtime compensation.

38.    Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the entire putative FLSA Collective.  Accordingly, notice should be sent to the putative FLSA Collective.  There are numerous similarly-situated current and former employees of Defendant who have suffered from the Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendant and are readily identifiable through its records.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

(On behalf of Plaintiff and the Putative FLSA Collective)

39.    Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

40.    The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

41.     Defendant suffered and permitted Plaintiff and the other similarly situated individuals to routinely work more than forty (40) hours in a workweek without overtime compensation.

42.     Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the other similarly situated individuals their required overtime compensation.

43.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the others similarly situated individuals have suffered and will continue to suffer a loss of income and other damages.  Plaintiff and the other similarly situated individuals are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

44.     By failing to accurately record, report, and/or preserve records of all of the hours Plaintiff and other similarly situated individuals worked, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

45.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the putative FLSA Collective, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly-situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B.   A finding that Plaintiff and the putative FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C.   A finding that Defendant violated the overtime provisions of the FLSA;

D.   Judgment against Defendant in the amount of Plaintiff's and the putative FLSA Collective's unpaid back wages at the applicable overtime rates;

E.   An award of all damages, liquidated damages, pre-judgment interest and post-judgment interest;

F.   An award of attorneys' fees and costs incurred in prosecuting this action;

G.   Leave to add additional parties, plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

H.   For such other and further relief, in the law or equity, as this Court may deem appropriate and just.


Dated: May 20, 2022                     NICHOLS KASTER, PLLP

                                        s/Rachhana T. Srey
                                        Rachhana T. Srey, MN Bar No. 0340133
                                        srey@nka.com
                                        H. Clara Coleman, MN Bar No. 0401743
                                        ccoleman@nka.com
                                        4700 IDS Center
                                        80 South Eighth Street
                                        Minneapolis, MN  55402
                                        Tel: (612) 256-3200
                                        Fax: (612) 215-6870

                                        ATTORNEYS FOR PLAINTIFF AND THE
                                        PUTATIVE COLLECTIVE